### CLEVELAND (City), Plaintiff-Appellee, v. KAUFMAN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22576.   Decided November 10, 1952.

Joseph H. Crowley, Director of Law, Bernard J. Conway, Vatro J. Grill, Cleveland, for plaintiff-appellee.

Harvey E. Elliott, Cleveland, for defendant-appellant.

### OPINION

By SKEEL, PJ.

This appeal comes to this court from a judgment of guilty entered against the defendant who was charged in the Mu-

nicipal Court of Cleveland with violating Section 2417-1 of the Traffic Code of the City of Cleveland.

Section 2417-1 of the Traffic Code provides:

"Pedestrians Right of Way at Crosswalks:

"(a) It shall be the duty of the operator of any vehicle, street car or trackless trolley, to yield the right of way to a pedestrian lawfully crossing the roadway within any crosswalk."

On the 7th of March, 1952, at 8:45 A. M. two school girls were attempting to cross over Fulton Road and West 41st Street at the intersection of said streets with Bush Avenue. The intersection is controlled by a traffic control signal light. At the time the girls were attempting to cross from east to west over the north crosswalk of Bush Avenue, the defendant was driving north on Fulton Road and as he came into the intersection his automobile struck one of the girls on the crosswalk. It is the claim of the state that as the little girls started across Fulton Road they were moving with the traffic signal that is, it was green for east and west traffic over Bush Avenue and red for north and south traffic over Fulton Road and West 41st Street.

It is the claim of the defendant that just as he came into the intersection, the traffic light which had been green for north and south traffic on Fulton Road, turned to yellow or caution, as it went out of his vision and as he passed through the intersection the little girl ran into the side of the car.

From the judgment of guilty the defendant claims the following errors:

1. The court erred in finding the defendant guilty of a misdemeanor under Cleveland city ordinance No. 2417-1 without the city having first showed that the complainant had complied with Cleveland city ordinance No. 2417-5.

2. The court erred in finding the defendant guilty without any evidence of the commission of any act, contrary to the provisions of any statute of the State of Ohio or ordinance of the City of Cleveland.

3. The court erred in overruling the motion for a new trial filed by reason of newly discovered evidence.

4. The court's finding and judgment were contrary to the weight of the evidence.

5. The finding and judgment of the court was contrary to law.

This is a criminal prosecution. Whether the pedestrian involved in the accident was negligent or not is no defense to the question of the guilt or innocence of the defendant. The question presented therefore, is, was there credible evi-

dence that the little girl was crossing on a cross-walk with the green or "go" traffic signal in her favor, and if so, did the defendant fail to yield the right of way to her while thus rightfully crossing the street? The defendant's claim is that there is no evidence to support the allegation of the affidavit upon which this prosecution is founded. The traffic guard gave the following testimony:

"A. There were two little girls standing on the curb, and the green light come on Bush Avenue for the children, and I went out and blowed the whistle and put my sign up, and a bus coming out Fulton Road to Crile Hospital stopped, but this fellow coming down Fulton Road—he put on his brakes and he couldn't stop, and he swerved over and hit the little girl. She tried to get back on the curb.

"Q. Assuming Fulton Road runs north and south, where was the girl standing? On which corner?

"A. They were standing and the bus stopped. They come down Bush Avenue toward Fulton. That is, on the other side of Fulton. I live on the west side of Fulton.

"Q. Were they toward the lake?

"A. They were going to school and they was standing—you see I stand like this at Fulton Road and when the light comes green, I went out and put my sign up and blowed my whistle. It was green on Bush Avenue. A car coming out Fulton Road—

"Q. Which way were the girls crossing?

"A. They were coming across this way from Bush Avenue (indicating)

"* * *

"The Court: So Bush Avenue and Fulton Road come at right angles?

"The Witness: And 41st Street, three blocks and that is what they call a Y. And when I went out and blowed my whistle there was a Crile bus coming out and there was a car coming and he was coming down so fast.

"The Court: What street was he coming down?

"The Witness: Down Fulton from Denison.

"The Court: The light was what color?

"The Witness: It was green on Bush Avenue. I watched it.

"The Court: What color was it for Fulton Road?

"The Witness: Red. The bus coming out from Fulton Avenue stopped and the car did too, because it was green, and he got through the light and swerved over and put on his brakes, and the one little girl got on the curb and the other one was trying to get up and he hit her."

The testimony of the school guard with respect to his conduct is fully corroborated by the testimony of a transit sys-

tem bus driver who was driving south on Fulton Road and had stopped at Bush Avenue because the signal light was red. According to the bus driver's testimony, the traffic light turned red for north and south bound traffic when he was about forty feet from the center of the intersection and he stopped about 15 feet from the crosswalk and was at a standstill when he saw the two girls enter the crosswalk and saw one of them being struck by defendant's automobile which came to a stop about fifteen feet north of and beyond the crosswalk. He further testified that the light indicated red or "stop" for Fulton Road north and south traffic at the time the little girl was struck by defendant's automobile.

From the evidence quoted and cited, the defendant's claim that there is no evidence that the defendant failed to yield the right of way to the little girl while on the Bush Avenue crosswalk with the green light in her favor, cannot be supported. A question of fact was presented to the trial court which the court resolved against him. With this conclusion, which is fully supported by credible evidence, we are bound.

A further claim is presented by the defendant that because there is no evidence that the little girl looked in both directions as provided by Sec. 2417-5 of the traffic ordinances, before she stepped into the street, she was not lawfully on the crosswalk Such a requirement is not provided for when the pedestrian is acting under the direction of a traffic control signal light.

The provisions of Sec. 2402-10 of the traffic code of the City of Cleveland provide:

"Whenever traffic is controlled by traffic-control signals exhibiting the word 'go' 'caution' or 'stop' or exhibiting different colored lights successively one at a time, or, with arrows, the following colors only shall be used and said terms and light shall indicate and apply to operators of vehicles, street cars and trackless trolleys and pedestrians as follows:

"(a) Green alone, or 'go.'

"(1) Pedestrians facing the signal may proceed across the roadway within any marked or unmarked crosswalk."

If this was a negligence action, circumstances could conceivably arise where failure to look might constitute contributory negligence. But here we have the simple question, was the little girl on the crosswalk with the green light in her favor, and did the defendant fail to yield to her the right of way? There being credible evidence to support the conclusion of the trial court, the judgment must be affirmed.

Judgment affirmed. Exceptions noted. Order see journal.

HURD, J, THOMPSON, J, concur.